**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRIS BROWN and JAMES D. BEAM**

**Plaintiffs,**

**v.**

**DAY AND ZIMMERMAN, INC., F/O/A, DAY AND ZIMMERMAN, NPS, INC., DANIEL DAVIS, RYAN STATLER, WESTAR ENERGY, INC., CARY D. HARRIS, MARK SHOEMAKER, MATT PROBST, DANIEL BINDER, KARL A. SAUVAGE, BRIAN MAYER,**

**Defendants.**

**Case No. 15-CV-04859-JAR-KGS**

**MEMORANDUM AND ORDER**

Before the Court is Defendant Westar Energy, Inc.'s ("Westar") Motion to Dismiss (Doc. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6), requesting the court dismiss Counts Three and Nine of Chris Brown and James D. Beam's Petition. The motion is fully briefed and the Court is prepared to rule. As stated more fully below, Defendant's motion is denied with leave to amend on the tortious interference claim.

## I. Background

Plaintiffs originally filed this action in the District Court of Shawnee County, Kansas. Defendants timely removed the action to this Court under 28 U.S.C. §§1441(b) and 1446, alleging original jurisdiction under 28 § U.S.C. 1331. Plaintiffs' allegations against all Defendants are contained in nine separate counts consisting of six causes of action: tortious interference with a business relationship, defamation, false light invasion of privacy, wrongful

discharge, breach of oral contract, and conversion.[1] Plaintiffs allege state law claims against Westar in Count Three (tortious interference with a business relationship) and Count Nine (conversion).[2]

This action stems from the circumstances surrounding Plaintiffs' termination by Defendant Day & Zimmerman, Inc. ("DZ"), a contractor performing work at one of Westar's facilities in St. Marys, Kansas. Plaintiffs are members of the International Boilermakers Union, Local 83, ("Union"). They began working for DZ at the plant in July 2010. In January 2014, DZ began an investigation into whether Plaintiffs had taken property from DZ and/or Westar. The investigation led to DZ terminating Plaintiffs on January 10, 2014. Westar subsequently banned Plaintiffs from property.

For their tortious interference claim against Westar, Plaintiffs allege that certain employees or agents of DZ told Westar that Plaintiffs had stolen property from the Westar facility. Plaintiffs assert that, after receiving this information Westar "intentionally banned" them from entering upon Westar-owned property or working on Westar projects.[3] Plaintiffs further allege that Westar knew they were members of the Union, which is responsible for assigning Plaintiffs to various contractors with jobs at Westar-owned property. Plaintiffs claim that as a result of being banned, they suffered damage in the form of denial of employment opportunities with contractors that work at Westar-owned property.

For the conversion claim, Plaintiff Beam alleges he had an office at the Westar facility called the Jeffrey Energy Center in which he kept personal property including plans for projects. Plaintiff Brown alleges he also kept personal property at the Jeffrey Energy Center. They argue

[1] Doc. 1-1.

[2] *Id.* ¶¶ 42–51; 91–95.

[3] *Id.* ¶ 50.

that after DZ terminated them and Westar banned them from the property, Westar and the other Defendants have not returned their personal property.

## II. Standard

Fed. R. Civ. P. 8(a) states that in any pleading that sets forth a claim for relief, a party must provide "(1) a short and plain statement of the grounds for the court's jurisdiction. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. . . ."[4] A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[7] "'[P]lausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court

[4] Fed. R. Civ. P. 8(a).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted) (discussing *Twombly*, 550 U.S. at 570).

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[8] *Id.*

assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff, and makes all reasonable inferences in favor of plaintiff.[9] The court need not accept as true those allegations that state only legal conclusions.[10] A complaint attacked by a motion to dismiss does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11] A plaintiff need not "set forth a prima facie case for each element" to successfully plead a claim.[12] Instead, they are only required to "set forth plausible claims."[13] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[14]

## III. Discussion

### A. Conversion

In Kansas, a conversion is defined as an "unauthorized assumption and exercise of the right of ownership over goods or personal chattel belonging to another."[15] Plaintiffs' Petition alleges that Westar granted each Plaintiff space in its facility to keep items of personal property. Since being banned from the property, the Plaintiffs have been unable to collect those items and Westar has not otherwise returned the property. The Court finds that these facts are sufficient to state a plausible cause of action against Defendant Westar for conversion. Westar's motion to dismiss Count Nine is **denied**.

---

[9] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient").

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[13] *Id.*

[14] *See Hall*, 935 F.2d at 1113–14.

[15] *Res. Ctr. for Indep. Living, Inc. v. Ability Res., Inc.*, 534 F. Supp. 2d 1204, 1212 (D. Kan. 2008).

**B. Tortious Interference with a Business Relationship**

Defendant contends that Plaintiffs' Petition does not spell out whether Defendant is facing tortious interference with an *existing* business relationship or tortious interference with a *prospective* business relationship. The Court agrees. Count Three is set forth under the heading "Tortious Interference with a Business Relationship."[16] The Petition alleges that Westar "intentionally banned" Plaintiffs from its facilities and, furthermore, that Westar knew Plaintiffs were members of the Union, which assigns workers to subcontractors on behalf of Westar. It adds that because of the banning, the Union cannot assign Plaintiffs to work for other contractors on Westar projects and has therefore caused the Plaintiffs damage. However, the Petition fails to specify which business relationship Westar allegedly damaged.

Westar contends that regardless of this ambiguity, Plaintiffs still fail to state a claim upon which relief can be granted, because the two torts require similar proof and Plaintiffs have not pleaded enough facts as to either cause of action. Although, in Kansas, the standards for these two torts are indeed similar, they are not identical, and their elements vary in significant ways.[17] Furthermore, the Petition does not suffer from a want of factual allegations, nor does it rely on legal conclusions, nor formulaic recitations of legal standards. Rather, the Petition's problem is that in its ambiguity, it fails to direct the Court toward the proper standard by which it may analyze the claim. As such, rather than dismiss the claim, the prudent course of action is to allow Plaintiffs to amend and state with specificity which business relationship it is referring.

The Court therefore grants Plaintiffs leave to amend the Petition consistent with this opinion no later than September 4, 2015. Defendant's motion to dismiss count three is **denied**

[16] Doc. 1-1 ¶¶ 43-51.

[17] *See Cohen v. Battaglia*, 293 P.3d 752, 755 (Kan. 2013) (quoting *Turner v. Halliburton Co.*, 722 P.2d 1106 (Kan. 1986) ("While these torts tend to merge somewhat in the ordinary course, the former is aimed at preserving existing contracts and the latter at protecting future or potential contractual relations."))

**without prejudice**. If Plaintiffs fail to amend the Petition by this date, the claim will be dismissed.

**IT IS THEREFORE ORDERED** Defendant Westar's Motion to Dismiss (Doc. 8) is **denied**. Plaintiffs are granted leave to amend the tortious interference claim not later than September 4, 2015. If Plaintiffs fail to amend, the claim will be dismissed.

**IT IS SO ORDERED.**

Dated: August 21, 2015

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE